IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Stewart; Beverley D. Wilson,<br><br>                                      Plaintiffs,<br><br>v.<br><br>Timothy Malone, individually and as Chief of Psychiatry and Behavioral Care at PRISMA Health Baptist; PRISMA Health Baptist Hospital; PRISMA Health Healthcare System; Columbia Psychiatric Associates,<br><br>                                      Defendants. | C/A No. 3:21-cv-2450-SAL<br><br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). [ECF No. 17.] In the Report, the magistrate judge recommends summarily dismissing this case because the court lacks subject matter jurisdiction. *Id.* at 4–10. Included with the Report was a notice advising Plaintiffs of the procedures and requirements for filing objections to the Report. *Id.* at 11. On September 28, 2021, Plaintiffs filed objections. [ECF No. 21.] This matter is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law. [ECF No. 17 at 1–9.] This court incorporates those facts and standards but also briefly recites what is helpful to understanding the issues before the court.

In the Amended Complaint, Plaintiffs assert a number of causes of action against Defendants arising from Defendants' part in the involuntary commitment of Plaintiff Stewart: (1) fraud; (2) libel; (3) false imprisonment; (4) violation of due process and equal protection; (5)

1

American with Disabilities Act discrimination; (6) assault; (7) battery; (8) negligence; (9) gross negligence; (10) recklessness; (11) negligent infliction of emotional distress; and (12) intentional infliction of emotional distress. [ECF No. 16 at 23–80.]

The magistrate judge recommends this court summarily dismiss Plaintiffs' action because the court lacks subject matter jurisdiction. As explained in the Report, federal courts are courts of limited jurisdiction, and a plaintiff must allege facts to demonstrate subject matter jurisdiction. [ECF No. 17 at 4–5 (noting federal courts are "'constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute'" (quoting *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998))).] Further, "a federal court is required, *sua sponte*, to determine if a valid basis for jurisdiction exists 'and to dismiss the action if no such ground appears.'" *Id.* (quoting *In re Bulldog*, 147 F.3d at 352). Here, Plaintiffs have alleged claims under 42 U.S.C. § 1983, but they have failed to show the Defendants are state actors, which is required. *Id.* at 6–8; *see also West v. Atkins*, 487 U.S. 42, 49 (1988) ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n.18 (1982)). The magistrate judge cites to multiple cases in this district and in the Fourth Circuit in which courts found private hospitals and their employees were not state actors where they were involved in involuntary commitments. [ECF No. 17 at 6–7.]

The Report also examines Plaintiffs' attempt to create federal question jurisdiction based on their claims under the Americans with Disabilities Act ("ADA"). *Id.* at 8–9. As noted by the magistrate judge, Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." The magistrate judge then reasons Plaintiffs have not demonstrated jurisdiction under the ADA where "Plaintiffs have not shown they were deprived of the full enjoyment of services by Defendants." *Id.* at 9.

In their objections, Plaintiffs assert the cases the magistrate judge relied upon in finding the Defendants are not state actors are distinguishable from Plaintiffs' case or "should be challenged as bad law . . . ." [ECF No. 21 at 4.] Additionally, regarding the ADA, Plaintiffs allege the rights guaranteed by that Act include both negative rights to prevent discrimination and also positive rights to guarantee services to individuals with disabilities. *Id.* at 8. Plaintiffs indicate they have adequately made claims under the ADA where they allege "that false imprisonment and unwarranted, unconsented administration of psychotropic and antipsychotic medications by" Defendants "prevented timely delivery of professional, qualified, proper, and compassionate psychiatric care to Co-Plaintiff Stewart . . . ." *Id.* at 9. Stewart further alleges he "was entitled to truthful, honest, professional provision of psychiatric services free from unwarranted administration or improperly forced or coerced administration of psychotropic or antipsychotic medications by virtue of the fact that [Defendants] . . . receive federal funds and are, thus, mandated to comply with [ADA] Title III guidelines . . . ." *Id.* at 10.

The court addresses Plaintiffs' objections in turn below.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to,

and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

Initially, much of the discussion in Plaintiffs' objections relates to the substance of Plaintiffs' claims generally but does not go to the issue of subject matter jurisdiction. For example, pages 11 through 20 appear to be directly copied and pasted from Plaintiffs' Amended Complaint. [*Cf.* Am. Compl., ECF No. 16 at 4–6, 8–9, 13–15, 27–29.] To the extent Plaintiffs are merely reciting details from their Amended Complaint but not raising specific objections to the Report, the court need not address such discussion. *See Elijah v. Dunbar*, -- F.4th --, 2023 WL 3028346, at *4 (4th Cir. 2023) ("[D]istrict courts must solely consider the specificity, not novelty, of objections to magistrate recommendations.").

To the extent Plaintiffs assert claims against the judge and Stewart's court-appointed attorney in his commitment proceedings, such claims are also not properly before the court, as they were not raised in the Amended Complaint. *See Eleazu v. Bernard*, Civil Action No.: 3:20-cv-

4

02706-JMC, 2021 WL 4298511, at *7 (D.S.C. Sept. 27, 2021) ("Plaintiff cannot amend his Complaint . . . in objection to the Magistrate Judge's Report and Recommendation." (citing *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (rejecting allegations raised, for the first time, in opposition to defendants' motion to dismiss))).

As to the magistrate judge's finding that Plaintiffs failed to demonstrate Defendants are state actors and thus potentially amenable to suit under 42 U.S.C. § 1983, Plaintiffs disagree with the law relied upon by the magistrate judge. The magistrate judge cited *Benfield v. Piedmont Med. Ctr. E.M.S.*, C/A No. 9:18-973-TMC-BM, 2018 WL 3371559 (D.S.C. June 19, 2018), where a magistrate judge in this district recommended summary dismissal in a case where the plaintiff had filed a § 1983 action against a medical center. The court explained, "[a]lthough a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is 'a willful participant in joint action with the State or its agents.'" *Benfield*, 2018 WL 3371559, *2 (quoting *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). While Plaintiffs note there were no objections filed in *Benfield*, that fact does not make the court's reasoning or the law it relied upon incorrect. Indeed, the district court adopted that report, finding no clear error on the face of the record. *Benfield v. Piedmont Me. Ctr. E.M.S.*, C/A No. 9:18-973-TMC, 2018 WL 3368973 (D.S.C. July 10, 2018). In the instant case, the magistrate judge cited another case from this district that is very similar to Plaintiffs' complaint—it is *Odom v. Trident Hosp. Dir.*, C/A No. 5:17-cv-02540-RMG-KDW, 2017 WL 6016407 (D.S.C. Nov. 1, 2017). In *Odom*, the plaintiff sued a hospital director and others under § 1983 based on their role in his involuntary commitment. The court noted, "[t]he fact that a private hospital is involved in committing a person for a mental-health evaluation does not make the hospital a state actor" and cited many cases from other federal courts in support of that statement. *Odom*, 2017 WL 6016407, at *3 (collecting cases finding that

5

private hospitals and their employees are not state actors even where they are involved in a civil commitment proceeding that is governed by state law), *adopted by* 2017 WL 5992088 (D.S.C. Dec. 4, 2017). In their objections, Plaintiffs fail to offer any competing law—only asserting that *Benfield* and *Odom* "should be challenged as bad law." [ECF No. 21 at 4.] The court disagrees. Courts in this district and in many others have found that private hospitals and doctors do not act under color of state law when they participate in involuntary commitments. Thus, they are not subject to § 1983 in such cases. Plaintiffs' objection is overruled.

Plaintiffs further object to the magistrate judge's finding that they have not properly alleged a claim under the ADA, and, thus, there is no federal jurisdiction in that respect either. Plaintiffs argue there is a viable claim in that the

> rights listed in Title III of the [ADA] are not all inclusive as listed and also include negative rights that prevent [ADA] discrimination, as well as positive or affirmative rights that guarantee public entities provide individuals with [ADA] Title III qualified disabilities, e.g., qualifying mental health illnesses, the public services they are entitled to, including **freedom** from improperly administered services—a negative right—that prevents proper delivery of **affirmative services** by a duly qualified psychiatrist, physician, hospital, or inpatient psychiatric institution.

[ECF No. 21 at 8 (emphasis in original).] Despite Plaintiffs' creative reframing of their ADA claim in their objections, the Amended Complaint appears to assert Stewart should not have received services from Defendants. As aptly put by the magistrate judge, "Plaintiffs have not shown they were deprived of the full enjoyment of services by Defendants. Rather, Plaintiffs appear to be arguing Defendants should not have provided services to Stewart, but they fail to show how the provision of services violated the ADA." [ECF No. 17 at 9.] The court agrees with the magistrate judge's interpretation of the Amended Complaint and overrules Plaintiffs objection. Additionally, the court notes that Plaintiffs bring their claim under Title III of the ADA, but they

seek only monetary damages as relief,[1] and "[d]amages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief." *Ervine v. Desert View Reg'l Med. Ctr. Holdings*, LLC, 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002)).

For all of these reasons, the court overrules Plaintiffs' objections to the Report and fully adopts the magistrate judge's reasoning that this case must be summarily dismissed due to a lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 17] is adopted in its entirety and incorporated herein. As a result, this case is summarily **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

|  |  |
|---|---|
| May 3, 2023 | s/Sherri A. Lydon_____ |
| Columbia, South Carolina | The Honorable Sherri A. Lydon |
|  | United States District Court Judge |

---

[1] It does not appear any injunctive relief would be available since Stewart's involuntary commitment occurred in 2018.